*D. Wallace*, for the state.

*J. Ryman*, for the defendant.

---

THE STATE *v.* HUBBARD.

An indictment for keeping a gaming-house was *held* not to be bad for charging that the defendant kept *a* house instead of *his* house to be used for gaming, the latter term being employed by the statute defining the offense.

ERROR to the *Bartholomew* Circuit Court.

PERKINS, J.—Indictment against *John C. Hubbard* for keeping a gaming-house.

The indictment charges that the defendant, during a certain space of time, kept a house to be used for gaming, &c.

The statute (R. S. p. 981, s. 100) enacts that if any person shall keep his house to be used, &c. The indictment was quashed below because the article *a* instead of the pronoun *his* was used in it in designating the house kept for gaming.

We think that during the time the defendant kept a house, said house was, in contemplation of the enactment in question, his house, and that the indictment is, therefore, sufficiently certain.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*D. S. Gooding* and *N. T. Hauser*, for the state.